[Cite as *State v. Walton*, 2014-Ohio-4510.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee              :          C.A. CASE NO.    26154

v.                                         :          T.C. NO.    05CR3923/1

BENJAMIN C. WALTON                         :          (Criminal appeal from
                                                      Common Pleas Court)

    Defendant-Appellant             :

                                           :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____10th_____ day of _____October_____, 2014.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JOHN PAUL RION, Atty. Reg. No. 0067020 and NICOLE RUTTER-HIRTH, Atty. Reg. No. 0081004, 130 W. Second Street, Suite 2150, P. O. Box 1262, Dayton, Ohio 45402
    Attorneys for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1}    Benjamin Walton appeals from the trial court's denial of his motion to terminate postrelease control, which was based on his assertion that postrelease control had

been improperly imposed at his sentencing in 2006, when he was convicted of several sex offenses. For the following reasons, the judgment of the trial court will be affirmed.

**{¶ 2}** In March 2006, after a bench trial, Walton was convicted of four counts of rape, one count of sexual battery, one count of unlawful sexual conduct with a minor, and two counts of gross sexual imposition. He was sentenced to an aggregate term of six years. With respect to postrelease control, the trial court stated at sentencing:

> * * * [Y]ou will be on parole for five years and that parole, actually post-release control is what it's called now, if you violate that supervision, the parole authority can send you back to prison for up to one-half your original sentence.

> And if you violate the terms of that supervision, also you can, by committing a new felony, then you can be sentenced to an additional one year for the time remaining on supervision, whichever is longer, in addition to being separately sentenced on that new felony.

**{¶ 3}** Walton served his prison sentence and was released in October 2011. On February 13, 2014, he filed a Motion to Terminate Post-Release Control. In his motion, Walton argued that the trial court's statement that postrelease control could be imposed for up to half of his original prison sentence was insufficient notice of the postrelease control penalties because it did not also inform him that he could be reincarcerated for up to nine months for each violation of his postrelease control.

**{¶ 4}** Walton relies, in part, on *State v. Jones*, 2d Dist. Montgomery No. 24772, 2013-Ohio-19, in which we stated that the trial court had failed to comply with R.C.

2943.032 when it informed the defendant at the time of the plea that a postrelease control violation could result in additional prison time of up to half of his original sentence, but did not inform the defendant that the maximum possible prison term for a single violation of postrelease control was nine months. *See also* R.C. 2967.28(F)(3) (providing that, in response to a violation of postrelease control, a parole board or trial court may impose a prison term that "shall not exceed nine months" and a maximum cumulative prison term of one half of the stated prison term originally imposed).

{¶ 5}    In response to Walden's argument, the State correctly points out that, in May 2006, when Walton was sentenced, neither R.C. 2943.032 nor R.C. 2967.28 required a trial court to advise a defendant, when imposing a postrelease control sanction, that a violation could result in reincarceration of up to nine months. Rather, R.C. 2929.19(B)(3)(e) provided, in pertinent part:

(3) * * * [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

(a) Impose a stated prison term;

(b) Notify the offender that, as part of the sentence, the parole board may extend the stated prison term for certain violations of prison rules for up to one-half of the stated prison term;

(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree in the commission

of which the offender caused or threatened to cause physical harm to a person;

* * *

(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.

{¶ 6} In his reply brief, Walton does not refute the State's assertion that the statutes in effect at the time of his sentencing did not require that he be notified that each violation of postrelease control could result in a nine-month sentence. Although *Jones* acknowledges that, under R.C. 2943.032 (related to acceptance of a plea), notice of the nine-month penalty for each violation of postrelease control was and is required, R.C. 2943.032 was not in effect when Walton was sentenced, and he did not enter a plea. Moreover, Walton's reliance on *Jones* is misplaced, because *Jones* addressed whether the trial court's failure to provide the statutory notice regarding postrelease control affected the voluntariness of the defendant's plea of guilty, not the validity of his sentence.

{¶ 7} Walton was properly informed that he would be subject to postrelease control for a period of five years, and that his punishment for violating the conditions of postrelease control could be as much as half of his original sentence. Walton's argument

that the trial court was required to terminate his postrelease control because he was not advised, at the time of his sentencing, that he could be reimprisoned for nine months for each violation of the terms of his postrelease control, with the cumulative maximum of up to one-half of the stated prison term originally imposed, is without merit.

{¶ 8}     Walton's assignment of error is overruled.

{¶ 9}     The judgment of the trial court will be affirmed.

. . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Kirsten A. Brandt
Jon Paul Rion
Nicole Rutter-Hirth
Hon. Dennis J. Adkins